**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**ANTHONY CURTIS GIBBS,**<br><br>Defendant | NO. 5: 06-CR-117 (DF)<br><br>**VIOLATION(S): Firearms Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Scott C. Huggins of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael Solis. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated November 13, 2006, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated November 13, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant GIBBS and the safety of the community were he to be released from custody at this time. The offense charged against the defendant is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 188 to 235 months in prison. The weight of evidence is strong; defendant GIBBS had in his possession a firearm (unloaded) which he pointed at others and pulled the trigger on or about January 6, 2006, in Bibb County, Georgia.

Defendant GIBBS has an extensive arrest and conviction record dated back to 1984.  His felony convictions include BURGLARY, 1985, St. Lucie County, Florida; ROBBERY BY SUDDEN SNATCHING, 1991, Bibb County, Georgia; POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, 1996, Superior Court of Bibb County, Georgia; and, AGGRAVATED ASSAULT, 1998, Superior Court of Bibb County, Georgia.  He has exhibited a propensity to violate the law going back over twenty years indicating that he would pose a serious danger to the safety of the community were he to be released from custody.  In addition, defendant GIBBS has a history of use of illegal drugs.

For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

### PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 14th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE